# EXHIBIT 10

SEGEV LLP
THE KING GEORGE BUILDING
6th Floor, 905 West Pender Street
Vancouver, B.C. V6C 1L6 Canada
1-604-629-5400 | 1-800-604-1312
1-604-629-5409
www.segevllp.com
Vic Maan
v.maan@segevllp.com
Direct: 604-629-5402 x 202

**Via email to: legalnotices@livgolf.com**

May 8, 2026

LIV Golf Incorporated
222 Lakeview Avenue West Palm Beach,
Florida 33401 United States of America

LIV Golf Ltd
c/o Zedra, Booths Hall Booths
Park 3 Chelford Road, Knutsford,
England, WA16 8GS

**Attention: General Counsel**

**Re: Demand For Payment – Supply of Goods and Services Agreement dated January 24, 2025 (the "Agreement") – LIV Golf Incorporated ("LIV US") and LIV Golf Ltd ("LIV UK", together "LIV Golf") and Mobii Systems Group Limited ("Mobii")**

We are counsel for Mobii. This letter constitutes a formal written demand for payment pursuant to Clause 27 of the Agreement (the **"Demand"**). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

This Demand is made strictly without prejudice to, and without waiver of, any and all rights, remedies, claims, and entitlements available to Mobii under the Agreement, at law, or in equity. Nothing contained in this Demand, nor any act, omission, continued performance, communication, or forbearance by Mobii in connection herewith, shall constitute or be construed as: (i) an election of remedies; (ii) an affirmation of the Agreement in its current state; or (iii) a waiver, relinquishment, or limitation of any accrued or future rights, claims, remedies, or causes of action available to Mobii.

## The Agreement and Payment Obligation

Mobii and LIV Golf entered into the Agreement on January 24, 2025, pursuant to which Mobii agreed to provide integrated broadcast technology, streaming services, platform licences, and related support services to LIV Golf in connection with the 2025 and 2026 seasons.

Mobii's entitlement to payment arises pursuant to, among other provisions, Clauses 3.3, 14.1, and 14.7 of the Agreement. Clause 14.7 expressly provides that invoices not subject to a bona fide dispute are payable in full by the applicable due date. Mobii has duly and fully performed its obligations under the Agreement, and the services giving rise to the outstanding invoices were properly and validly rendered. To date, LIV Golf has not issued any notice alleging service-level failures, performance deficiencies, warranty issues, or any other contractual basis that could reasonably justify the withholding, reduction, or delay of payment.

## Outstanding Invoices and Amount Due

As of the date of this letter, LIV Golf is indebted to Mobii in the aggregate amount of USD $1,163,462.13 in respect of seventeen (17) invoices that have been issued under the Agreement, properly delivered, are not the subject of any bona fide dispute, and remain unpaid.

Particulars of each invoice are set out in **Schedule "A"** to this letter, including the invoice number, invoice due date, number of days outstanding as of the date of this letter, and the corresponding amount owing.

For clarity, INV-0107 in the amount of USD $51,071.43, with a due date of May 30, 2026, is included in Schedule "A" and forms part of the total outstanding balance referenced above. Although that invoice is not yet overdue as of the date of this Demand, it was validly issued pursuant to the Agreement and is fully enforceable in accordance with its terms. LIV Golf remains obligated to satisfy that invoice on or before its applicable due date. Mobii expressly includes this amount within the scope of this Demand and reserves all rights and remedies in relation thereto.

**<u>Absence of a Bona Fide Dispute</u>**

Mobii expressly notes the following with respect to the outstanding invoices:

- No bona fide dispute has been raised in relation to any of the invoices identified herein;
- LIV Golf has not issued any notice disputing the invoices, alleging service deficiencies, asserting warranty claims, or otherwise advancing any contractual or legal basis for withholding payment;
- No service-level failures have been alleged or identified;
- No service credits have been claimed, and no warranty-related concerns have been raised;
- Mobii has received informal confirmation from senior personnel within LIV Golf's organization that the outstanding invoices have received internal approval, which is fundamentally inconsistent with the existence of any legitimate basis to withhold payment; and
- Any and all conditions precedent or payment conditions under the Agreement have therefore been fully satisfied.

**<u>Default Interest – Clause 14.9</u>**

Clause 14.9 of the Agreement provides that where payment of an invoice is not made by its applicable due date, Mobii is entitled to charge interest at a rate equal to two percent (2%) per annum above the Bank of England's prevailing base rate, accruing from the respective due date until payment in full, both before and after judgment. Mobii hereby asserts its entitlement to default interest in respect of each overdue invoice from its respective due date and reserves the right to provide a precise calculation of accrued interest upon receipt of payment of the outstanding principal amounts or upon written request.

**<u>Structured Payment</u>**

Without prejudice to its right to demand and receive payment of the full outstanding amount, and having regard to the aggregate amount and the duration of non-payment, Mobii is prepared to accept payment on the following structured basis (the **"Proposed Payment"**):

a) payment by LIV Golf of not less than fifty percent (50%) of the aggregate outstanding amount, to be received by Mobii by May 15, 2026; and
b) payment of the remaining balance of the aggregate outstanding amount, together with all default interest accrued pursuant to Clause 14.9 to the date of payment, to be received by Mobii by May 22, 2026.

Payment is to be made in full to Mobii in accordance with the following banking particulars:

Mobii Systems Group Limited
Royal Bank of Canada (RBC)
Transit & Account Number: 00002 4041182 (USD)
Bank Number: 003
SWIFT: ROYCCAT2
Bank Address: 200 Bay Street, Toronto, ON, M5J 2J5,

Intermediary Bank Information (For Wires Originating from United States):
Bank Name: JP Morgan Chase
Bank Address: 4 New York Plaza, New York NY, 10004
SWIFT Code: CHASUS33
ABA Routing Number: 021000021

South Korea Event

Further and separately, with respect to the LIV Golf event scheduled to take place in South Korea following the conclusion of the Virginia Event, Mobii seeks that LIV Golf assume direct responsibility for, and make direct payment of, all travel and accommodation expenses incurred by Mobii personnel attending in connection with that event, in lieu of such costs being advanced by Mobii and subsequently recovered from LIV Golf.

**Continued Performance – Reservation of Rights**

Mobii has performed, and continues to perform, its obligations under the Agreement and is presently engaged in the provision of services at the Virginia Event, which commenced on May 7, 2026. Such continued performance is rendered strictly without prejudice to, and shall not constitute or be construed as, any waiver, affirmation, or election of any right or remedy available to Mobii under the Agreement, at law, or in equity. In this regard, Mobii expressly relies upon Clause 28.10 of the Agreement.

This Demand is issued strictly without prejudice to all rights, claims, and remedies available to Mobii under or in connection with the Agreement. Mobii specifically reserves: (i) all rights to default interest pursuant to Clause 14.9 from each respective due date; (ii) all rights of termination under Clause 19.1 following expiry of any applicable cure period; (iii) all rights to claim loss of bargain and all other damages; and (iv) all rights to enforce and execute upon any judgment in any applicable jurisdiction.

**Consequences of Non-Payment**

In the event that LIV Golf fails to accept and comply with the Proposed Payment, Mobii reserves the right, without further notice except as may be required under the Agreement or applicable law, to:

- pursue termination of the Agreement pursuant to Clause 19.1 with immediate effect upon expiry of the applicable cure period under the concurrent Event of Default Notice;
- commence proceedings in the English courts pursuant to Clause 28.19 in respect of the full outstanding balance, accrued default interest, legal costs, and all further relief available;
- issue a statutory demand against LIV Golf Ltd. pursuant to the Insolvency Act 1986;

- enforce any judgment against LIV Golf assets in any applicable jurisdiction, including the United States and Canada; and
- exercise all further rights and remedies available under the Agreement, at law, or in equity, all of which are expressly reserved.

**Closing**

Mobii values and appreciates its relationship with LIV Golf and remains committed to resolving this matter in a commercially pragmatic manner. However, having regard to the substantial outstanding balances, the prolonged duration of non-payment, and the continued services presently being performed by Mobii, it is necessary for Mobii to take formal steps to protect and preserve its contractual and legal position.

The Proposed Payment represents a reasonable and measured attempt by Mobii to resolve the outstanding payment issues amicably and without the need for further escalation or formal enforcement proceedings. Mobii remains hopeful that LIV Golf will engage constructively, comply with the Proposed Payment, and allow the parties' ongoing commercial relationship to continue without disruption.

We trust this matter will receive your immediate attention and look forward to your prompt response.

Please direct all responses to this Default Notice and the concurrent Payment Demand in writing to Vic S. Maan at v.maan@segevllp.com.

Yours truly,

SEGEV LLP
Per:

Vic S. Maan

**Schedule A**

**Liv Golf Incorporated – USD $937,492.72 (5 invoices)**

| Invoice No. | Entity | Due Date | Status | Amount |
|---|---|---|---|---|
| INV-0083 | LIV US | 6 Feb 2026 | 91 days OD | $50,989.92 |
| INV-0091 | LIV US | 9 Mar 2026 | 60 days OD | $820,600.00 |
| INV-0100 | LIV US | 30 Mar 2026 | 39 days OD | $7,419.03 |
| INV-0105 | LIV US | 30 Apr 2026 | 8 days OD | $7,412.34 |
| INV-0107 | LIV US | May 30, 2026 | Current | $51,071.43 |

**Liv Golf Events Ltd – USD $225,969.41 (12 invoices)**

| Invoice No. | Entity | Due Date | Status | Amount |
|---|---|---|---|---|
| INV-0087 | LIV UK | 16 Feb 2026 | 81 days OD | $29,539.77 |
| INV-0088 | LIV UK | 24 Feb 2026 | 73 days OD | $14,035.00 |
| INV-0089 | LIV UK | 24 Feb 2026 | 73 days OD | $29,518.12 |
| INV-0092 | LIV UK | 3 Mar 2026 | 66 days OD | $4,276.77 |
| INV-0094 | LIV UK | 17 Mar 2026 | 52 days OD | $26,677.34 |
| INV-0095 | LIV UK | 23 Mar 2026 | 46 days OD | $29,137.77 |
| INV-0096 | LIV UK | 24 Mar 2026 | 45 days OD | $28,669.38 |
| INV-0097 | LIV UK | 31 Mar 2026 | 38 days OD | $18,995.00 |
| INV-0099 | LIV UK | 8 Apr 2026 | 30 days OD | $5,210.73 |
| INV-0103 | LIV UK | 27 Apr 2026 | 11 days OD | $27,085.19 |
| INV-0104 | LIV UK | 27 Apr 2026 | 11 days OD | $3,749.34 |
| INV-0110 | LIV UK | 7 May 2026 | 1 day OD | $9,075.00 |

SEGEV LLP
THE KING GEORGE BUILDING
6th Floor, 905 West Pender Street
Vancouver, B.C. V6C 1L6 Canada
1-604-629-5400 | 1-800-604-1312
1-604-629-5409
www.segevllp.com
Vic Maan
v.maan@segevllp.com
Direct: 604-629-5402 x 202

**Via email to: legalnotices@livgolf.com**

May 8, 2026

LIV Golf Incorporated
222 Lakeview Avenue West Palm Beach,
Florida 33401 United States of America

LIV Golf Ltd
c/o Zedra, Booths Hall Booths
Park 3 Chelford Road, Knutsford,
England, WA16 8GS

**Attention: General Counsel**

**Re: Notice of Event of Default – Supply of Goods and Services Agreement dated January 24, 2025 (the "Agreement") – LIV Golf Incorporated ("LIV US") and LIV Golf Ltd ("LIV UK", together "LIV Golf") and Mobii Systems Group Limited ("Mobii")**

We are counsel for Mobii. This letter constitutes formal notice to LIV Golf pursuant to Clause 19.1 of the Agreement and paragraph (i) of the definition of "Event of Default" in Part 2 of the Agreement (the **"Default Notice"**). All capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Agreement.

This Default Notice is issued concurrently with Mobii's formal demand for payment dated the same day (the **"Payment Demand"**). While related, the Payment Demand and this Default Notice are legally distinct. The Payment Demand proposed a commercial resolution. This Default Notice formally advises LIV Golf that it is in material breach of the Agreement and triggers the contractual cure period, upon the expiry of which Mobii will be entitled to exercise its termination rights under the Agreement.

## The Material Breach

LIV Golf is in material breach of the Agreement by reason of its failure to pay outstanding invoices issued by Mobii in accordance with the payment obligations set out therein.

The specific contractual obligations breached include:

- Clause 3.3 of the Agreement, which requires the LIV Golf Parties to pay the Services Fees in accordance with the terms of the Agreement;
- Clause 14.1 of the Agreement, which provides that the LIV Golf Parties shall pay the Services Fees in accordance with the Services Payment Schedule;
- Clause 14.7 of the Agreement, which requires all undisputed invoices to be paid in full by their respective due dates; and
- The Services Payment Schedule set out in Part 1 of the Agreement, together with Annex B thereto, which establishes the applicable payment milestones and due dates for the Services Fees and Variable Fees.

The breach is material. LIV Golf has failed to pay sixteen (16) separate invoices issued across both LIV entities, all of which remain overdue as of the date of this Default Notice, with arrears extending over a period of approximately three (3) months. The oldest outstanding invoice (INV-0083) is now ninety-one (91) days past due. The non-payment is systemic and ongoing. It is not confined to a single invoice or entity, but affects the entirety of the outstanding receivables position. The total overdue amount of USD $1,112,390.70 constitutes a significant portion of the Services Fees payable under the Agreement.

Each invoice was validly issued in accordance with the Agreement, duly received by LIV Golf, and remains wholly unpaid. No bona fide dispute has been raised with respect to any of the outstanding invoices.

The non-payment further constitutes a persistent breach within the meaning of paragraph (ii) of the definition of "Event of Default", which operates independently of paragraph (i) and does not require the issuance of a cure notice or the expiry of any cure period. For the avoidance of doubt, however, this Default Notice is issued pursuant to paragraph (i) of the definition of "Event of Default" and formally invokes the applicable contractual cure period. Mobii expressly reserves all rights to rely upon paragraph (ii) and any other applicable Event of Default provisions under the Agreement.

Particulars of the outstanding invoices are set out in **Schedule "A"** to this letter, including the invoice number, invoice due date, number of days past due as of the date of this letter, and the corresponding amount outstanding.

**<u>Absence of a Bonafide Dispute</u>**

Mobii further notes the following:

- No bona fide dispute has been raised regarding any of the outstanding invoices.
- LIV Golf has not issued any notice of dispute, allegation of deficient performance, warranty complaint, or any other asserted basis for withholding, reducing, or delaying payment of the outstanding amounts.
- No service-level failure has been alleged by LIV Golf.
- No service credits have been claimed, and no warranty-related concerns have been raised.
- Mobii has received informal confirmation from senior personnel within LIV Golf's organization that the outstanding invoices have been internally approved for payment. Such confirmation is inconsistent with the existence of any legitimate or good faith basis for non-payment.

**<u>Formal Assertion of Event of Default</u>**

Mobii hereby formally asserts, and places LIV Golf on notice, that LIV Golf is in an Event of Default within the meaning of the Agreement.

The relevant Event of Default arises from LIV Golf's material breach of its contractual payment obligations, including its continued failure to pay outstanding invoices validly issued under the Agreement. This breach falls squarely within paragraph (i) of the definition of "Event of Default" set out in Part 2 of the Agreement, which provides that an Event of Default includes a party:

> being in material breach of an obligation under this Agreement and, if the breach is capable of remedy, failing to remedy the breach within: (a) seven days; or (b) such shorter period of time as is reasonably expected if the breach is within 21 days of an Event or during an Event, starting on the day after receipt of notice from the other Party requiring remedy of such breach.

The breach arising from LIV Golf's non-payment is capable of remedy through payment of the outstanding amounts owing under the Agreement. This Default Notice constitutes the formal notice required under the definition of "Event of Default" and formally commences the applicable contractual cure period.

**Shortened Cure Period**

The definition of "Event of Default" provides that the applicable cure period is reduced to "such shorter period of time as is reasonably expected if the breach is within 21 days of an Event or during an Event." The Virginia Event commenced on May 7, 2026, being two days prior to the issuance of this Default Notice. Accordingly, this Default Notice is issued during, and in any event within 21 days of, an "Event" as defined in the Agreement.

In these circumstances, the standard seven (7) day cure period is displaced by the contractual shortened cure period provision. Mobii hereby invokes the shortened cure period on the following grounds:

- The Virginia Event is currently underway, having commenced on May 7, 2026, and this Default Notice is issued during and/or within 21 days of that Event;
- There is no indication that LIV Golf intends to imminently cure the breach or satisfy the outstanding payment obligations;
- The financial prejudice to Mobii arising from the continued non-payment is immediate and ongoing, including continued exposure to substantial forward-facing variable costs associated with the remaining events in the 2026 season; and
- The nature, duration, and scale of the breach are such that a shortened cure period is not only expressly contemplated by the Agreement, but is commercially reasonable and proportionate in the circumstances.

**Cure Period – Length and Expiry**

Mobii hereby requires LIV Golf to cure the Event of Default by paying, in full, the outstanding amount of USD $1,112,390.70, together with all accrued default interest pursuant to Clause 14.9 of the Agreement, no later than May 15, 2026, at 5:00 p.m. EDT (the **"Cure Period"**).

**Consequences Upon Expiry of the Cure Period**

If LIV Golf fails to fully remedy the Event of Default within the Cure Period, the Event of Default will have crystallized and Mobii will be entitled, without further notice or opportunity to cure, to exercise any and all rights available to it under the Agreement and at law, including the right to:

- Terminate the Agreement with immediate effect pursuant to Clause 19.1 by written notice to LIV Golf;
- Pursue recovery of the full outstanding indebtedness in the amount of USD $1,112,390.70, together with all accrued default interest;
- Claim damages arising from LIV Golf's breach of the Agreement, including damages for loss of bargain for the remainder of the contractual Term;
- Issue a statutory demand against LIV Golf Ltd pursuant to the Insolvency Act 1986;
- Commence legal proceedings and enforce any resulting judgment; and
- Exercise any further rights, remedies, or relief available under the Agreement, at law, or in equity.

**Reservation in Respect of Other Event of Default Triggers**

This Default Notice is issued primarily pursuant to paragraph (i) of the definition of "Event of Default", relating to material breach. Mobii expressly reserves all rights to rely upon any additional or alternative Event of Default triggers under the Agreement, whether independently or concurrently engaged, including those which may operate without any requirement for notice or opportunity to cure.

**Continued Performance – Reservation of Rights**

Mobii is presently continuing to provide services in connection with the Virginia Event, which commenced on May 7, 2026. Any such continued performance has been, and continues to be, provided strictly on a without prejudice basis and shall not be construed as a waiver, election, affirmation, or acceptance of LIV Golf's continuing non-compliance with its payment obligations under the Agreement.

This Default Notice is issued expressly without prejudice to, and without waiver of, any and all rights, claims, causes of action, and remedies available to Mobii under the Agreement, at law, or in equity. Nothing in this Default Notice, nor any act or omission by Mobii in connection with it, shall constitute or be construed as:

- An election to affirm or continue the Agreement other than strictly in accordance with its terms;
- A waiver of any accrued or future right or remedy, including the right to claim default interest pursuant to Clause 14.9, the right to terminate pursuant to Clause 19.1, or the right to claim damages, including damages for loss of bargain;
- An acknowledgment or representation that cure of the Event of Default identified herein would extinguish or satisfy any other rights, remedies, or claims arising out of or in connection with the Agreement; or
- A limitation on Mobii's right to rely upon any additional or alternative Event of Default trigger, whether existing now or arising in the future.

Mobii further relies expressly upon Clause 28.10 of the Agreement, which provides that any failure or delay in exercising a right or remedy under the Agreement or at law does not constitute a waiver

of that right or remedy, and that any single or partial exercise of a right or remedy does not preclude any further exercise of that or any other right or remedy.

**Closing**

Mobii seeks LIV Golf to take the following immediate steps:

- Acknowledge receipt of this Default Notice and the concurrent Payment Demand in writing;
- Confirm LIV Golf's position with respect to the outstanding amounts, including whether it intends to cure the Event of Default by making payment in full within the Cure Period; and
- Provide any response or position LIV Golf wishes to advance in relation to the matters addressed in this Default Notice or the concurrent Payment Demand.

We trust this matter will receive your immediate attention and look forward to your prompt response.

Please direct all responses to this Default Notice and the concurrent Payment Demand in writing to Vic S. Maan at v.maan@segevllp.com.

Yours truly,

SEGEV LLP
Per:

Vic S. Maan

## Schedule A

**Liv Golf Incorporated – USD $886,421.29 (4 invoices)**

| Invoice No. | Entity | Due Date | Status | Amount |
|---|---|---|---|---|
| INV-0083 | LIV US | 6 Feb 2026 | 91 days OD | $50,989.92 |
| INV-0091 | LIV US | 9 Mar 2026 | 60 days OD | $820,600.00 |
| INV-0100 | LIV US | 30 Mar 2026 | 39 days OD | $7,419.03 |
| INV-0105 | LIV US | 30 Apr 2026 | 8 days OD | $7,412.34 |

**Liv Golf Events Ltd – USD $225,969.41 (12 invoices)**

| Invoice No. | Entity | Due Date | Status | Amount |
|---|---|---|---|---|
| INV-0087 | LIV UK | 16 Feb 2026 | 81 days OD | $29,539.77 |
| INV-0088 | LIV UK | 24 Feb 2026 | 73 days OD | $14,035.00 |
| INV-0089 | LIV UK | 24 Feb 2026 | 73 days OD | $29,518.12 |
| INV-0092 | LIV UK | 3 Mar 2026 | 66 days OD | $4,276.77 |
| INV-0094 | LIV UK | 17 Mar 2026 | 52 days OD | $26,677.34 |
| INV-0095 | LIV UK | 23 Mar 2026 | 46 days OD | $29,137.77 |
| INV-0096 | LIV UK | 24 Mar 2026 | 45 days OD | $28,669.38 |
| INV-0097 | LIV UK | 31 Mar 2026 | 38 days OD | $18,995.00 |
| INV-0099 | LIV UK | 8 Apr 2026 | 30 days OD | $5,210.73 |
| INV-0103 | LIV UK | 27 Apr 2026 | 11 days OD | $27,085.19 |
| INV-0104 | LIV UK | 27 Apr 2026 | 11 days OD | $3,749.34 |
| INV-0110 | LIV UK | 7 May 2026 | 1 day OD | $9,075.00 |